**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH and JULIE STRALEY, Individually, and ) <br> as Parents and Next Friends of MATTHEW ) <br> STRALEY, a minor, and ) <br> MAYA STRALEY, a minor, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> NATIONAL RAILROAD PASSENGER ) <br> CORPORATION d/b/a AMTRAK and ) <br> NORFOLK SOUTHERN RAILWAY ) <br> COMPANY, a corporation, LOUIS T. BURKE, III; ) <br> and LYNN HALBERSTADT, ) <br> ) <br> Defendants. ) | No. | FILED: NOVEMBER 18, 2008 <br> 08CV6617 <br> JUDGE ZAGEL <br> MAGISTRATE JUDGE KEYS <br> NF |

<u>COMPLAINT</u>

NOW COMES Plaintiffs, JOSEPH and JULIE STRALEY, Individually, and as Parents and

Next Friends of MATTHEW STRALEY, a minor, and MAYA STRALEY, a minor by and through

their attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants, NATIONAL

RAILROAD PASSENGER CORPORATION d/b/a AMTRAK (hereinafter "AMTRAK"),

NORFOLK SOUTHERN RAILWAY COMPANY, a corporation, (hereinafter "NORFOLK"),

LOUIS T. BURKE, III (hereinafter "BURKE") and LYNN HALBERSTADT (hereinafter

"HALBERSTADT"), and states as follows:

<u>JURISDICTION</u>

1.      The court has jurisdiction over the claims asserted herein by Plaintiffs pursuant 28

U.S.C. § 1331 and § 1349.

1

VENUE

2.     Venue is properly in this Court pursuant to 25 U.S.C. § 1391. All of the events that took place occurred within the County of Cook, State of Illinois.

COMMON ALLEGATIONS

3.     On and before November 30, 2007, Defendant, AMTRAK, was a corporation doing business as a common carrier engaged in the transportation of passengers and freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

4.     On and before November 30, 2007, Defendant, NORFOLK, was a corporation engaged in the business of transportation of freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

5.     On November 30, 2007, Defendant, AMTRAK, through its employee and/or agent Defendant, BURKE, owned, operated, managed, maintained, supervised and controlled AMTRAK Train number 371, originating from Grand Rapids, Michigan, and destined for Union Station in the City of Chicago, County of Cook, State of Illinois.

6.     On November 30, 2007, at approximately 11:32 a.m., AMTRAK Train number 371 traveled on to a stretch of railroad track within a freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois, that was owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control by Defendant, AMTRAK.

7.     In the alternative, on November 30, 2007, at approximately 11:32 a.m., AMTRAK Train number 371 traveled on to a stretch of railroad track within a freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois, that was owned,

2

operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control by Defendant, NORFOLK.

8.   On November 30, 2007, Defendant, AMTRAK, owned, maintained and controlled or contracted to own, operate, manage, maintain, supervise and control the track signals which were designed to control train traffic within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

9.   In the alternative, on November 30, 2007, Defendant, NORFOLK, owned, maintained and controlled or contracted to own, operate, manage, maintain, supervise and control the track signals which were designed to control train traffic within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

10.   On November 30, 2007, at approximately 11:32 a.m., Defendant, NORFOLK, owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control a certain freight train stopped on the railroad tracks within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

11.   On November 30, 2007, at approximately 11:32 a.m., Defendants, BURKE and HALBERSTADT, were operating AMRTAK Train number 371 on to a stretch of railroad track within a freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

12.   On November 30, 2007, at approximately 11:32 a.m., AMTRAK Train number 371 struck the rear of the NORFOLK's freight train stopped within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

3

COUNT I – JOSEPH STRALEY– NATIONAL RAILROAD PASSENGER CORPORATION

13.     Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

14.     On November 30, 2007, Plaintiff, JOSEPH STRALEY, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

15.     On November 30, 2007, Defendant, AMTRAK, through its agents and/or employees, was a common carrier and owed Plaintiff, JOSEPH STRALEY, the highest duty of care.

16.     On November 30, 2007, at approximately 11:32 a.m., AMTRAK, through its agents and/or employees, were negligent in one or more of the following ways:

   a.     Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

   b.     Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

   c.     Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

   d.     Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

   e.     Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

4

f.  Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g.  Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h.  Failed to slow the train pursuant to warnings on a track signal;

i.  Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.  Operated a passenger train at a rate of speed that was greater than was reasonable;

k.  Operated the train without keeping a safe and proper lookout; and

l.  Was otherwise negligent.

17.  As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, AMTRAK, the Plaintiff, JOSEPH STRALEY, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, JOSEPH STRALEY, prays for judgment against Defendant, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, for a monetary sum in excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

## COUNT II – JOSEPH STRALEY– LOUIS T. BURKE, III

18.  Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

19.  On November 30, 2007, Plaintiff, JOSEPH STRALEY, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

20.     On November 30, 2007, AMTRAK, through its agents and/or employees, including

Defendant, BURKE, was a common carrier and owed Plaintiff, JOSEPH STRALEY, the highest

duty of care.

21.     On November 30, 2007, at approximately 11:32 a.m., Defendant, BURKE, was

negligent in one or more of the following ways:

      a.      Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

      b.      Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

      c.      Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

      d.      Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

      e.      Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

      f.      Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

      g.      Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

      h.      Failed to slow the train pursuant to warnings on a track signal;

      i.      Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.    Operated a passenger train at a rate of speed that was greater than was reasonable;

k.    Operated the train without keeping a safe and proper lookout; and

l.    Was otherwise negligent.

22.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, BURKE, the Plaintiff, JOSEPH STRALEY, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, JOSEPH STRALEY, prays for judgment against Defendant, LOUIS T. BURKE, III, for a monetary sum in excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

## COUNT III – JOSEPH STRALEY– LYNN HALBERSTADT

23.    Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

24.    On November 30, 2007, Plaintiff, JOSEPH STRALEY, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

25.    On November 30, 2007, AMTRAK, through its agents and/or employees, including Defendant, HALBERSTADT, was a common carrier and owed Plaintiff, JOSEPH STRALEY, the highest duty of care.

26.    On November 30, 2007, at approximately 11:32 a.m., Defendant, HALBERSTADT, was negligent in one or more of the following ways:

a.    Failed to maintain adequate communication between the train

engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b. Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c. Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d. Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e. Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f. Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g. Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h. Failed to slow the train pursuant to warnings on a track signal;

i. Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j. Operated a passenger train at a rate of speed that was greater than was reasonable;

k. Operated the train without keeping a safe and proper lookout; and

l. Was otherwise negligent.

27. As a direct and proximate result of one or more of the aforesaid negligent acts and/or

omissions of the Defendant, HALBERSTADT, the Plaintiff, JOSEPH STRALEY, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, JOSEPH STRALEY, prays for judgment against Defendant, LYNN HALBERSTADT, for a monetary sum in excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

COUNT IV – JOSEPH STRALEY– NORFOLK SOUTHERN RAILWAY COMPANY

28.     Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

29.     On November 30, 2007, Defendant, NORFOLK, through its agents and/or employees, owed Plaintiff, JOSEPH STRALEY, a duty to exercise reasonable care.

30.     On November 30, 2007, at approximately 11:32 a.m., Defendant, NORFOLK, through its agents and/or employees, was negligent in one or more of the following ways:

a.     Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b.     Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c.     Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.     Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.     Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

9

f.      Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

g.      Negligently stopped its freight train within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois; and

h.      Was otherwise negligent.

31.     As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, NORFOLK, the Plaintiff, JOSEPH STRALEY, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, JOSEPH STRALEY, prays for judgment against Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, for a monetary sum in excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

## COUNT V – JULIE STRALEY– NATIONAL RAILROAD PASSENGER CORPORATION

32.     Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

33.     On November 30, 2007, Plaintiff, JULIE STRALEY, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

34.     On November 30, 2007, Defendant, AMTRAK, through its agents and/or employees, was a common carrier and owed Plaintiff, JULIE STRALEY, the highest duty of care.

35.     On November 30, 2007, at approximately 11:32 a.m., AMTRAK, through its agents

and/or employees, were negligent in one or more of the following ways:

    a.    Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

    b.    Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

    c.    Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

    d.    Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

    e.    Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

    f.    Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

    g.    Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

    h.    Failed to slow the train pursuant to warnings on a track signal;

    i.    Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

    j.    Operated a passenger train at a rate of speed that was greater than was reasonable;

    k.    Operated the train without keeping a safe and proper lookout; and

    l.    Was otherwise negligent.

36.     As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, AMTRAK, the Plaintiff, JULIE STRALEY, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, JULIE STRALEY, prays for judgment against Defendant, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, for a monetary sum in excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

<u>COUNT VI – JULIE STRALEY– LOUIS T. BURKE, III</u>

37.     Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

38.     On November 30, 2007, Plaintiff, JULIE STRALEY, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

39.     On November 30, 2007, AMTRAK, through its agents and/or employees, including Defendant, BURKE, was a common carrier and owed Plaintiff, JULIE STRALEY, the highest duty of care.

40.     On November 30, 2007, at approximately 11:32 a.m., Defendant, BURKE, was negligent in one or more of the following ways:

        a.     Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

        b.     Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois

between both passenger and freight trains;

c.    Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.    Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.    Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f.    Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g.    Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h.    Failed to slow the train pursuant to warnings on a track signal;

i.    Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.    Operated a passenger train at a rate of speed that was greater than was reasonable;

k.    Operated the train without keeping a safe and proper lookout; and

l.    Was otherwise negligent.

41.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, BURKE, the Plaintiff, JULIE STRALEY, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, JULIE STRALEY, prays for judgment against Defendant, LOUIS T. BURKE, III, for a sum in excess of the jurisdictional limit of the United States District Court for

the Northern District of Illinois, Eastern Division.

## COUNT VII –JULIE STRALEY– LYNN HALBERSTADT

42.     Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

43.     On November 30, 2007, Plaintiff, JULIE STRALEY, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

44.     On November 30, 2007, AMTRAK, through its agents and/or employees, including Defendant, HALBERSTADT, was a common carrier and owed Plaintiff, JULIE STRALEY, the highest duty of care.

45.     On November 30, 2007, at approximately 11:32 a.m., Defendant, HALBERSTADT, was negligent in one or more of the following ways:

  a. Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

  b. Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

  c. Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

  d. Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.  Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f.  Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g.  Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h.  Failed to slow the train pursuant to warnings on a track signal;

i.  Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.  Operated a passenger train at a rate of speed that was greater than was reasonable;

k.  Operated the train without keeping a safe and proper lookout; and

l.  Was otherwise negligent.

46.  As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, HALBERSTADT, the Plaintiff, JULIE STRALEY, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, JULIE STRALEY, prays for judgment against Defendant, LYNN HALBERSTADT, for a monetary sum in excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

COUNT VIII – JULIE STRALEY– NORFOLK SOUTHERN RAILWAY COMPANY

47.  Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

48.  On November 30, 2007, Defendant, NORFOLK, through its agents and/or employees,

15

owed Plaintiff, JULIE STRALEY, a duty to exercise reasonable care.

49.    On November 30, 2007, at approximately 11:32 a.m., Defendant, NORFOLK,

through its agents and/or employees, was negligent in one or more of the following ways:

a.    Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b.    Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c.    Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.    Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.    Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

f.    Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

g.    Negligently stopped its freight train within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois; and

h.    Was otherwise negligent.

50.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or

omissions of the Defendant, NORFOLK, the Plaintiff, JULIE STRALEY, sustained injuries of a

personal and pecuniary nature.

WHEREFORE, Plaintiff, JULIE STRALEY, prays for judgment against Defendant,

NORFOLK SOUTHERN RAILWAY COMPANY, a corporation, for a monetary sum in excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

COUNT IX – MATTHEW STRALEY – NATIONAL RAILROAD PASSENGER CORPORATION

51.     Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

52.     On November 30, 2007, Plaintiff, MATTHEW STRALEY, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

53.     On November 30, 2007, Defendant, AMTRAK, through its agents and/or employees, including Defendant, BURKE, was a common carrier and owed Plaintiff, MATTHEW STRALEY, the highest duty of care.

54.     On November 30, 2007, at approximately 11:32 a.m., AMTRAK, through its agents and/or employees, were negligent in one or more of the following ways:

      a.     Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

      b.     Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

      c.     Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

17

d. Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e. Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f. Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g. Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h. Failed to slow the train pursuant to warnings on a track signal;

i. Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j. Operated a passenger train at a rate of speed that was greater than was reasonable;

k. Operated the train without keeping a safe and proper lookout; and

l. Was otherwise negligent.

55. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, AMTRAK, the Plaintiff, MATTHEW STRALEY, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, MATTHEW STRALEY, prays for judgment against Defendant, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, for a monetary sum in excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

## COUNT X – MATTHEW STRALEY– LOUIS T. BURKE, III

56. Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of

18

Paragraphs 1 through 12.

57.    On November 30, 2007, Plaintiff, MATTHEW STRALEY, was a paying passenger

and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids,

Michigan.

58.    On November 30, 2007, AMTRAK, through its agents and/or employees, including

Defendant, BURKE, was a common carrier and owed Plaintiff, MATTHEW STRALEY, the highest

duty of care.

59.    On November 30, 2007, at approximately 11:32 a.m., Defendant, BURKE, was

negligent in one or more of the following ways:

a.    Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b.    Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c.    Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.    Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.    Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f.    Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g.    Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h.    Failed to slow the train pursuant to warnings on a track signal;

i.    Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.    Operated a passenger train at a rate of speed that was greater than was reasonable;

k.    Operated the train without keeping a safe and proper lookout; and

l.    Was otherwise negligent.

60.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, BURKE, the Plaintiff, MATTHEW STRALEY, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, MATTHEW STRALEY, prays for judgment against Defendant, LOUIS T. BURKE, III, for a monetary sum in excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

<u>COUNT XI – MATTHEW STRALEY– LYNN HALBERSTADT</u>

61.    Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

62.    On November 30, 2007, Plaintiff, MATTHEW STRALEY, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

63.    On November 30, 2007, AMTRAK, through its agents and/or employees, including Defendant, HALBERSTADT, was a common carrier and owed Plaintiff, MATTHEW STRALEY,

the highest duty of care.

      64.     On November 30, 2007, at approximately 11:32 a.m., Defendant, HALBERSTADT, was negligent in one or more of the following ways:

      a.     Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

      b.     Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

      c.     Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

      d.     Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

      e.     Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

      f.     Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

      g.     Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

      h.     Failed to slow the train pursuant to warnings on a track signal;

      i.     Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

      j.     Operated a passenger train at a rate of speed that was greater than was reasonable;

k.      Operated the train without keeping a safe and proper lookout; and

l.      Was otherwise negligent.

65.     As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, HALBERSTADT, the Plaintiff, MATTHEW STRALEY, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, MATTHEW STRALEY, prays for judgment against Defendant, LYNN HALBERSTADT, for a monetary sum in excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

COUNT XII – MATTHEW STRALEY– NORFOLK SOUTHERN RAILWAY COMPANY

66.     Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

67.     On November 30, 2007, Defendant, NORFOLK, through its agents and/or employees, owed Plaintiff, MATTHEW STRALEY, a duty to exercise reasonable care.

68.     On November 30, 2007, at approximately 11:32 a.m., Defendant, NORFOLK, through its agents and/or employees, was negligent in one or more of the following ways:

a.      Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b.      Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c.      Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.     Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.     Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

f.     Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

g.     Negligently stopped its freight train within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois; and

h.     Was otherwise negligent.

69.     As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, NORFOLK, the Plaintiff, MATTHEW STRALEY, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, MATTHEW STRALEY, prays for judgment against Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, a corporation, for a monetary sum in excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

## COUNT XIII – MAYA STRALEY – NATIONAL RAILROAD PASSENGER CORPORATION

70.     Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

71.     On November 30, 2007, Plaintiff, MAYA STRALEY., was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

72.     On November 30, 2007, Defendant, AMTRAK, through its agents and/or employees,

23

was a common carrier and owed Plaintiff, MAYA STRALEY., the highest duty of care.

73.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK, through its agents

and/or employees, were negligent in one or more of the following ways:

a.    Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b.    Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c.    Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.    Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.    Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f.    Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g.    Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h.    Failed to slow the train pursuant to warnings on a track signal;

i.    Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.    Operated a passenger train at a rate of speed that was greater than was reasonable;

    k.      Operated the train without keeping a safe and proper lookout; and

    l.      Was otherwise negligent.

74.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, AMTRAK, the Plaintiff, MAYA STRALEY_, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, MAYA STRALEY_, prays for judgment against Defendant, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, for a monetary sum in excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

## COUNT XIV– MAYA STRALEY – LOUIS T. BURKE, III

75.    Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

76.    On November 30, 2007, Plaintiff, MAYA STRALEY_, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

77.    On November 30, 2007, AMTRAK, through its agents and/or employees, including Defendant, BURKE, was a common carrier and owed Plaintiff, MAYA STRALEY_, the highest duty of care.

78.    On November 30, 2007, at approximately 11:32 a.m., Defendant, BURKE, was negligent in one or more of the following ways:

    a.      Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

25

b.  Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c.  Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.  Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.  Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f.  Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g.  Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h.  Failed to slow the train pursuant to warnings on a track signal;

i.  Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.  Operated a passenger train at a rate of speed that was greater than was reasonable;

k.  Operated the train without keeping a safe and proper lookout; and

l.  Was otherwise negligent.

79.  As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, BURKE, the Plaintiff, MAYA STRALEY_, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, MAYA STRALEY, prays for judgment against Defendant, LOUIS

T. BURKE, III, for a monetary sum in excess of the jurisdictional limit of the United States District

Court for the Northern District of Illinois, Eastern Division.

COUNT XV – MAYA STRALEY – LYNN HALBERSTADT

80.     Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of

Paragraphs 1 through 12.

81.     On November 30, 2007, Plaintiff, MAYA STRALEY, was a paying passenger and

boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids,

Michigan.

82.     On November 30, 2007, AMTRAK, through its agents and/or employees, including

Defendant, HALBERSTADT, was a common carrier and owed Plaintiff, MAYA STRALEY, the

highest duty of care.

83.     On November 30, 2007, at approximately 11:32 a.m., Defendant, HALBERSTADT,

was negligent in one or more of the following ways:

   a.     Failed to maintain adequate communication between the train
          engineer and railroad dispatchers, which would inform the engineer
          of the need to slow and stop the train;

   b.     Failed to adequately and safely coordinate the use of the railroad
          tracks located within the freight yard at or near 52nd Street and South
          Shields Avenue, City of Chicago, County of Cook, State of Illinois
          between both passenger and freight trains;

   c.     Failed to slow down its train at the aforesaid point when it knew or
          should have known that on prior occasions freight trains had been
          stopped on railroad tracks located within the freight yard at or near
          52nd Street and South Shields Avenue, City of Chicago, County of
          Cook, State of Illinois;

d. Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e. Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f. Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g. Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h. Failed to slow the train pursuant to warnings on a track signal;

i. Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j. Operated a passenger train at a rate of speed that was greater than was reasonable;

k. Operated the train without keeping a safe and proper lookout; and

l. Was otherwise negligent.

84. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, HALBERSTADT, the Plaintiff, MAYA STRALEY, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, MAYA STRALEY, prays for judgment against Defendant, LYNN HALBERSTADT, for a monetary sum in excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

## COUNT XVI – MAYA STRALEY – NORFOLK SOUTHERN RAILWAY COMPANY

85. Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

86. On November 30, 2007, Defendant, NORFOLK, through its agents and/or employees, owed Plaintiff, MAYA STRALEY, a duty to exercise reasonable care.

87. On November 30, 2007, at approximately 11:32 a.m., Defendant, NORFOLK, through its agents and/or employees, was negligent in one or more of the following ways:

a. Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b. Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c. Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d. Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e. Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

f. Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

g. Negligently stopped its freight train within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois; and

h. Was otherwise negligent.

88. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, NORFOLK, the Plaintiff, MAYA STRALEY, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, MAYA STRALEY_, prays for judgment against Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, a corporation, for a monetary sum in excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

## COUNT XVII - FAMILY EXPENSE ACT - NATIONAL RAILROAD PASSENGER CORPORATION

NOW COMES the Plaintiffs, JOSEPH and JULIE STRALEY, Individually, by and through their attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendant, NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK (hereinafter "AMTRAK"), states as follows:

89.     On and before November 30, 2007, Defendant, AMTRAK, was a corporation doing business as a common carrier engaged in the transportation of passengers and freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

90.     On and before November 30, 2007, NORFOLK SOUTHERN RAILWAY COMPANY, was a corporation engaged in the business of transportation of freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

91.     On and before November 30, 2007, Defendant, AMTRAK, owned, operated, managed, maintained, supervised and controlled Amtrak train number 371, originating from Grand Rapids, Michigan, and destined for Union Station in the City of Chicago, County of Cook, State of Illinois.

92.     On November 30, 2007, Plaintiff's minors, MATTHEW STRALEY and MAYA STRALEY, were paying passengers and boarded AMTRAK train number 371, departing from the

30

AMTRAK Station in Grand Rapids, Michigan.

93.     On November 30, 2007, at approximately 11:32 a.m., AMTRAK Train number 371 traveled on to a stretch of railroad track within a freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois, that was owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control by Defendant, AMTRAK.

94.     On November 30, 2007, Defendant, AMTRAK, owned, maintained and controlled or contracted to own, operate, manage, maintain, supervise and control the track signals which were designed to control train traffic within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

95.     On November 30, 2007, at approximately 11:32 a.m., NORFOLK SOUTHERN RAILWAY COMPANY, owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control a certain freight train stopped on the railroad tracks within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

96.     On November 30, 2007, at approximately 11:32 a.m., AMTRAK Train number 371 struck the rear of the NORFOLK SOUTHERN RAILWAY COMPANY's freight train stopped within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

97.     On November 30, 2007, Defendant, AMTRAK, through its duly authorized agents and employees, was a common carrier and owed minor Plaintiffs, MATTHEW STRALEY and MAYA STRALEY, the highest duty of care.

31

98. On November 30, 2007, at approximately 11:32 a.m., AMTRAK, through its duly authorized agents and employees, was negligent in one or more of the following ways:

a. Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b. Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c. Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d. Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e. Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f. Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g. Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h. Failed to slow the train pursuant to warnings on a track signal;

i. Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j. Operated a passenger train at a rate of speed that was greater than was reasonable;

k. Operated the train without keeping a safe and proper lookout; and

l.    Was otherwise negligent.

99.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, AMTRAK, the minor Plaintiffs, MATTHEW STRALEY and MAYA STRALEY, sustained injuries of a personal and pecuniary nature requiring medical care and their parents, JOSEPH and JULIE STRALEY, have become obligated to pay various medical expenses of the minors, and brings this action pursuant to the Family Expense Act, 750 ILCS 65/15.

WHEREFORE, Plaintiffs, JOSEPH and JULIE STRALEY, Individually, demands judgment against Defendant, NATIONAL RAILROAD PASSENGER CORPORATION, Individually, and d/b/a AMTRAK, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT XVIII - FAMILY EXPENSE ACT -NORFOLK SOUTHERN RAILWAY COMPANY

NOW COMES the Plaintiffs, JOSEPH and JULIE STRALEY, Individually, by and through their attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendant, NORFOLK SOUTHERN RAILWAY COMPANY (hereinafter "NORFOLK"), states as follows:

100.    On and before November 30, 2007, AMTRAK, was a corporation doing business as a common carrier engaged in the transportation of passengers and freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

101.    On and before November 30, 2007, Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, was a corporation engaged in the business of transportation of freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

102.    On and before November 30, 2007, AMTRAK, owned, operated, managed, maintained, supervised and controlled Amtrak train number 371, originating from Grand Rapids,

33

Michigan, and destined for Union Station in the City of Chicago, County of Cook, State of Illinois.

103.    On November 30, 2007, Plaintiff's minors, MATTHEW STRALEY and MAYA STRALEY, were paying passengers and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

104.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK Train number 371 traveled on to a stretch of railroad track within a freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois, that was owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control by Defendant, NORFOLK.

105.    On November 30, 2007, Defendant, NORFOLK, owned, maintained and controlled or contracted to own, operate, manage, maintain, supervise and control the track signals which were designed to control train movements within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

106.    On November 30, 2007, at approximately 11:32 a.m., Defendant, NORFOLK, owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control a certain freight train stopped on the railroad tracks within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

107.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK Train number 371 struck the rear of the Defendant's, NORFOLK, freight train within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

108.    On November 30, 2007, Defendant, NORFOLK, through its duly authorized agents

34

and employees, owed minor Plaintiffs, MATTHEW STRALEY and MAYA STRALEY, a duty to exercise reasonable care.

109.     On November 30, 2007, at approximately 11:32 a.m., Defendant, NORFOLK, through its duly authorized agents and employees, was negligent in one or more of the following ways:

a.     Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b.     Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c.     Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.     Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.     Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

f.     Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

g.     Failed to slow the train pursuant to warnings on a track signal;

h.     Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

i.     Operated a passenger train at a rate of speed that was greater than was reasonable;

j.     Operated the train without keeping a safe and proper lookout;

      k.      Negligently stopped its freight train within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois; and

      l.      Was otherwise negligent.

110.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, NORFOLK, the minor Plaintiffs, MATTHEW STRALEY and MAYA STRALEY, sustained injuries of a personal and pecuniary nature and required medical care and their father, JOSEPH and JULIE STRALEY, has become obligated to pay various medical expenses of the minors, and brings this action pursuant to the Family Expense Act, 750 ILCS 65/15.

WHEREFORE, Plaintiff, JOSEPH and JULIE STRALEY, Individually demands judgment against Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

<u>COUNT XIX - FAMILY EXPENSE ACT - LOUIS T. BURKE, III</u>

NOW COMES the Plaintiff, JOSEPH and JULIE STRALEY, Individually, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendant, LOUIS T. BURKE III (hereinafter "BURKE"), states as follows:

111.    On and before November 30, 2007, Defendant, AMTRAK, through its agents and/or employees, including Defendant, BURKE, was a corporation doing business as a common carrier engaged in the transportation of passengers and freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

112.    On and before November 30, 2007, NORFOLK SOUTHERN RAILWAY COMPANY, was a corporation engaged in the business of transportation of freight between various

destinations, including the City of Chicago, County of Cook, State of Illinois.

113.    On and before November 30, 2007, Defendant, AMTRAK, through its agents and/or employees, including Defendant, BURKE, owned, operated, managed, maintained, supervised and controlled Amtrak train number 371, originating from Grand Rapids, Michigan, and destined for Union Station in the City of Chicago, County of Cook, State of Illinois.

114.    On November 30, 2007, Plaintiff's minors, MATTHEW STRALEY and MAYA STRALEY, were paying passengers and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

115.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK Train number 371 traveled on to a stretch of railroad track within a freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois, that was owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control by Defendant, AMTRAK, through its agents and/or employees, including Defendant, BURKE.

116.    On November 30, 2007, Defendant, AMTRAK, through its agents and/or employees, including Defendant, BURKE, owned, maintained and controlled or contracted to own, operate, manage, maintain, supervise and control the track signals which were designed to control train traffic within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

117.    On November 30, 2007, at approximately 11:32 a.m., NORFOLK SOUTHERN RAILWAY COMPANY, owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control a certain freight train stopped

37

on the railroad tracks within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

118.　On November 30, 2007, at approximately 11:32 a.m., AMTRAK Train number 371 struck the rear of the NORFOLK SOUTHERN RAILWAY COMPANY's freight train stopped within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

119.　On November 30, 2007, Defendant, AMTRAK, through its duly authorized agents and employees, including Defendant, BURKE, was a common carrier and owed minor Plaintiffs, MATTHEW STRALEY and MAYA STRALEY, the highest duty of care.

120.　On November 30, 2007, at approximately 11:32 a.m., AMTRAK, through its duly authorized agents and employees, including Defendant, BURKE, was negligent in one or more of the following ways:

> a.　Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;
>
> b.　Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;
>
> c.　Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;
>
> d.　Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.    Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f.    Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g.    Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h.    Failed to slow the train pursuant to warnings on a track signal;

i.    Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.    Operated a passenger train at a rate of speed that was greater than was reasonable;

k.    Operated the train without keeping a safe and proper lookout; and

l.    Was otherwise negligent.

121.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, AMTRAK, through its agents and/or employees, including Defendant, BURKE, the minor Plaintiffs, MATTHEW STRALEY and MAYA STRALEY, sustained injuries of a personal and pecuniary nature requiring medical care and their parents, JOSEPH and JULIE STRALEY, have become obligated to pay various medical expenses of the minors, and brings this action pursuant to the Family Expense Act, 750 ILCS 65/15.

WHEREFORE, Plaintiff, JOSEPH and JULIE STRALEY, Individually, demands judgment against Defendant, LOUIS T. BURKE III, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT XX - FAMILY EXPENSE ACT - LYNN HALBERSTADT

39

NOW COMES the Plaintiff, JOSEPH and JULIE STRALEY, Individually, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendant, LYNN HALBERSTADT (hereinafter "HALBERSTADT"), states as follows:

122.    On and before November 30, 2007, Defendant, AMTRAK, through its agents and/or employees, including Defendant, HALBERSTADT, was a corporation doing business as a common carrier engaged in the transportation of passengers and freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

123.    On and before November 30, 2007, NORFOLK SOUTHERN RAILWAY COMPANY, was a corporation engaged in the business of transportation of freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

124.    On and before November 30, 2007, Defendant, AMTRAK, through its agents and/or employees, including Defendant, HALBERSTADT, owned, operated, managed, maintained, supervised and controlled Amtrak train number 371, originating from Grand Rapids, Michigan, and destined for Union Station in the City of Chicago, County of Cook, State of Illinois.

125.    On November 30, 2007, Plaintiff's minors, MATTHEW STRALEY and MAYA STRALEY, were paying passengers and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

126.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK Train number 371 traveled on to a stretch of railroad track within a freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois, that was owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control by Defendant, AMTRAK, through its agents and/or employees, including

40

Defendant, HALBERSTADT.

127.  On November 30, 2007, Defendant, AMTRAK, through its agents and/or employees, including Defendant, HALBERSTADT, owned, maintained and controlled or contracted to own, operate, manage, maintain, supervise and control the track signals which were designed to control train traffic within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

128.  On November 30, 2007, at approximately 11:32 a.m., NORFOLK SOUTHERN RAILWAY COMPANY, owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control a certain freight train stopped on the railroad tracks within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

129.  On November 30, 2007, at approximately 11:32 a.m., AMTRAK Train number 371 struck the rear of the NORFOLK SOUTHERN RAILWAY COMPANY's freight train stopped within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

130.  On November 30, 2007, Defendant, AMTRAK, through its duly authorized agents and employees, including Defendant, HALBERSTADT, was a common carrier and owed minor Plaintiffs, MATTHEW STRALEY and MAYA STRALEY, the highest duty of care.

131.  On November 30, 2007, at approximately 11:32 a.m., AMTRAK, through its duly authorized agents and employees, including Defendant, HALBERSTADT, was negligent in one or more of the following ways:

     a.  Failed to maintain adequate communication between the train

41

engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b.    Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c.    Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.    Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.    Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f.    Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g.    Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h.    Failed to slow the train pursuant to warnings on a track signal;

i.    Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.    Operated a passenger train at a rate of speed that was greater than was reasonable;

k.    Operated the train without keeping a safe and proper lookout; and

l.    Was otherwise negligent.


132.   As a direct and proximate result of one or more of the aforesaid negligent acts and/or

42

omissions of the Defendant, AMTRAK, through its agents and/or employees, including Defendant, HALBERSTADT, the minor Plaintiffs, MATTHEW STRALEY and MAYA STRALEY, sustained injuries of a personal and pecuniary nature requiring medical care and their parents, JOSEPH and JULIE STRALEY, have become obligated to pay various medical expenses of the minors, and brings this action pursuant to the Family Expense Act, 750 ILCS 65/15.

WHEREFORE, Plaintiff, JOSEPH and JULIE STRALEY, Individually, demands judgment against Defendant, LYNN HALBERSTADT, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38 Plaintiffs request that their claims in this action be decided by a jury.

Respectfully submitted,

Attorney for Plaintiffs

Robert A. Clifford
Sean P. Driscoll
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle Street, 31st Floor
Chicago, Illinois 60602
(312) 899-9090
A.R.D.C. No. 6288120

43